IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KINGMAN HOLDINGS, L.L.C as trustee for the MIDDLEGROUND 2719 LAND TRUST, | § | CV NO. 5:15-CV-110-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| JPMORGAN CHASE BANK, N.A., and HOUSING INSTRUMENTALS, L.L.C., | § | |
| | § | |
| Defendants. | § | |
| | § | |

ORDER GRANTING JPMC'S MOTION FOR SUMMARY JUDGMENT

Before the Court is a Motion for Summary Judgment filed by Defendant JPMorgan Chase Bank, N.A. ("JPMC") (Dkt. # 6). Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing. For the reasons that follow, the Court **GRANTS** JPMC's Motion for Summary Judgment (Dkt. # 6).

BACKGROUND

This case concerns the ownership of property located at 2719 Middleground, San Antonio, Texas 78245 (the "Property"). On August 15, 2007, Rhonda A. Cox ("Cox") executed a deed of trust (the "Deed of Trust") benefitting

Mortgage Electronic Registration Systems, Inc. ("MERS"). ("Mot.," Dkt. # 6, Ex. 1 at 1.) On the same day, Cox executed a promissory note (the "Promissory Note") with MTH Funding, L.P. ("MTH") to secure a mortgage on the Property. (Mot., Ex. 2-A.) On September 3, 2014, MERS, as nominee for MTH, assigned all of its rights in the Deed of Trust to JPMC. (Id.)

Meanwhile, on April 12, 2010, Cox sold the Property to Housing Instrumentals via a Warranty Deed Subject to Existing Lien. ("Resp.," Dkt. # 10, Ex. D.) In return, Housing Instrumentals executed a Deed of Trust to Secure Assumption in favor of Cox. (Id., Ex. E.)

On April 16, 2010, Housing Instrumentals sold the Property to Frank Richard Barron II ("Barron") via a Wrap-Around Warranty Deed with Vendor's Lien. (Id., Ex. F.) In return, Housing Instrumentals executed a Wrap-Around Deed of Trust in favor of Housing Instrumentals. (Id., Ex. G.)

On October 1, 2013, the Property was sold to Plaintiff in a foreclosure sale by the San Antonio Champions Park Homeowners Association ("HOA"), pursuant to a lien it held against the Property to secure the Property owner's obligation to pay assessments and charges levied by the HOA. (Id., Ex. H.) The HOA determined that Barron had defaulted on his obligation to pay assessments as required by the lien and that foreclosure was therefore appropriate. (Id.)

On January 12, 2015, JPMC issued a notice of trustee's sale, indicating that it planned to sell the Property on February 3, 2015. (Id., Ex. J.) On January 29, Kingman filed the instant suit in the 285th District Court of Bexar County, Texas, requesting a declaratory judgment that Kingman is the sole owner of the Property, thereby quieting title, and a temporary restraining order restraining JPMC from selling the property at the February 3, 2015 foreclosure sale. (Dkt. # 1, Ex. A-2 at 1, 5–6.) On the same day, the state court granted the temporary restraining order and set a hearing for February 12, 2015 to determine whether it should convert the restraining order into an injunction. (Id., Ex. A-4.)

On February 11, 2015, JPMC removed the case to this Court, invoking the Court's diversity jurisdiction. (Dkt. # 1.) On March 19, 2015, JPMC filed the instant Motion for Summary Judgment. (Mot.) On April 28, 2015, Kingman filed its Response ("Resp.," Dkt. # 10),[1] and on May 4, 2015, JPMC filed its Reply ("Reply," Dkt. # 13).

## LEGAL STANDARD

A movant is entitled to summary judgment upon showing that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); see also Meadaa v. K.A.P. Enters., L.L.C., 756 F.3d 875, 880 (5th Cir. 2014). A dispute is only genuine "if the evidence is such that a reasonable jury could return a verdict

[1] Kingman did not request an extension of time to file its Response, which was filed 26 days late.

for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party must come forward with specific facts that establish the existence of a genuine issue for trial. Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

In deciding whether a fact issue has been created, the court must draw all reasonable inferences in favor of the nonmoving party, and it "may not make credibility determinations or weigh the evidence." Tiblier v. Dlabal, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003)).

DISCUSSION

JPMC argues that Kingman's quiet title claim fails as a matter of law because its Deed of Trust is superior to the HOA lien, thereby rendering Kingman's interest in the property junior to that of JPMC. (Mot. at 4–5.) Additionally, JPMC contends that Plaintiff's request for the Court to determine the value of JPMC's Deed of Trust is moot because JPMC has already provided that information to Kingman. (Id. at 5.) Finally, JPMC argues that Kingman cannot succeed on its claims for injunctive or declaratory relief because the underlying claim fails as a matter of law. (Id.) Kingman counters that there is a genuine issue of material fact as to what rights JPMC has to the property and summary judgment is therefore inappropriate. (Resp. at 5.)

"A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property." Hahn v. Love, 321 S.W.3d 517, 531 (Tex. App. 2009) (internal quotation marks omitted). Accordingly, to prevail on a quiet title claim under Texas law, a plaintiff must show: (1) interest in a specific property; (2) title to the property is affected by a claim of the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. Green v. JPMorgan Chase Bank, N.A., 937 F. Supp. 2d 849, 863 (N.D. Tex. 2013), aff'd 562 F. App'x 238 (5th Cir.

2014). In so doing, "the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." Hahn, 321 S.W.3d at 531.

The Property is Lot 5 of Block 5 of Champions Park, Unit 1 in San Antonio, Texas. (Mot., Ex. 1 at 2.) On November 1, 2005, nearly two years before Cox purchased the Property, the creator of Champions Park recorded a Declaration of Covenants, Conditions, and Restrictions (the "Declaration"). (Id.) The Declaration provides that any unpaid HOA assessments would become a continuing lien on the Property and gives the HOA the right to foreclose upon that lien if the assessment is not paid within thirty days of the delinquency date. (Id.) The Declaration explicitly provides that the HOA's lien would be "subordinate to the lien of any mortgage or mortgages now or hereinafter placed upon" the Property. (Id.)

Cox sold the Property to Housing Instrumentals on April 12, 2010. (Resp., Ex. D at 2.) The Warranty Deed Subject to Existing Lien conveying the Property explicitly provides that the conveyance is "subject to that one certain promissory note in the original principal sum of $125,012.00, dated August 15, 2007, executed by Grantor herein, payable to the order of Mortgage Electronic Registration Systems, Inc., as Nominee for MTH Funding, L.P." (Id.)

Housing Instrumentals subsequently sold the Property to Barron on April 16, 2010. (Resp., Ex. F at 2.) The Wrap Around Warranty Deed with

Vendor's Lien specifically provides: "This conveyance is made subject to the prior lien ("Underlying Lien") of a deed of trust recorded in Volume 13070, Page 260 of the real property records of Bexar County, Texas, to trustee, which secures payment of a promissory note ("Underlying Lien Debt") in the principal amount of one hundred twenty-five thousand twelve and no/100 dollars ($125,012.00)." (Id. at 3.)[2]

Accordingly, when the HOA foreclosed on the Property and sold the Property to Kingman, it conveyed the Property "subject to each and every superior lien and encumbrance"—which included the Deed of Trust.[3] (Resp., Ex. I at 3.) See DTND Sierra Invs. LLC v. Bank of Am., N.A., 871 F. Supp. 2d 567, 573 (W.D. Tex. 2012) (editing marks omitted) ("Under Texas common law, foreclosure does not terminate interests in the foreclosed real estate that are senior to the lien being foreclosed, and the successful bidder at a junior lien foreclosure takes title subject to the prior liens. Consequently, 'the purchaser takes the

[2] Because the superiority of the Deed of Trust is apparent throughout all subsequent deeds, Kingman's argument that there are "legitimate questions as to the chain of title" is irrelevant and a mischaracterization of the record. (See Resp. at 5–6.)

[3] The Court is unconvinced by Kingman's argument that the lack of any "specific mention of rights or interests held by Defendant JPMorgan or any instrument therewith" in the Trustee Deed conveying the Property to Kingman creates a fact question as to whether the Property was conveyed without any encumbrances. (See Resp. at 6.) The Deed conveying the Property to Kingman is clear that it was subject to every superior lien.

property charged with the primary liability for the payment of the prior mortgage and must therefore service the prior liens to prevent loss of the property by foreclosure of the prior liens.'") (quoting Conversion Props., LLC v. Kessler, 994 S.W.2d 810, 813 (Tex. App. 1999)).

Based on the record, Kingman cannot create a question of fact as to whether it carried superior title. Accordingly, even viewing the facts in the light most favorable to Kingman, Kingman cannot succeed on a quiet title claim.[4] See, e.g., Morlock, LLC v. Bank of Am., N.A., No. 4:12-CV-3276, 2013 WL 5231488, at *4 (S.D. Tex. Sept. 13, 2013) (dismissing the case for failure to state a claim when the record clearly established that the homeowners association liens were junior to the mortgage liens and the conveyance was subject to the superior deed of trust).

Without a valid underlying claim, Kingman cannot obtain declaratory or injunctive relief. See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 752 n.3 (5th Cir. 1996) (noting that declaratory relief is a procedural device and requires a predicate substantive cause of action); Morlock, 2013 WL 5231488, at *5 (dismissing requests for declaratory and injunctive relief

[4] Kingman's argument that JPMC's failure to authenticate the copy of the Promissory Note in the record fails to establish JPMC as the party with the legal right to foreclose on the Property is irrelevant. (See Resp. at 7–8.) The issue here is which entity holds superior title, as defined by the Deed of Trust. The Deed of Trust and the assignment of the Deed of Trust are admissible, and therefore the admissibility of the Promissory Note is irrelevant in resolving the Motion.

because the underlying quiet title claim was dismissed). Accordingly, the Court **GRANTS** JPMC's Motion for Summary Judgment (Dkt. # 6.)

In the event of such a ruling, JPMC asks that the Court award costs against Kingman. Under Federal Rule of Civil Procedure 54(c)(1), a prevailing party is automatically entitled to costs unless costs are otherwise prohibited. In accordance with Local Rule CV-54, JPMC should prepare and file a proposed bill of costs no later than fourteen days after entry of judgment.

CONCLUSION

For the aforementioned reasons, the Court **GRANTS** JPMC's Motion for Summary Judgment (Dkt. # 6).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, May 11, 2015.

_____________________________________
David Alan Ezra
Senior United States Distict Judge